UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KEVIN JERNIGAN,

        Defendant.

                                         /

Case No. 11-20576

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE [151]**

On December 20, 2012, a jury found Defendant guilty of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) [Dkt. #134]. On May 22, 2013, the Court sentenced Defendant to 60 months in prison. [Dkt. #145]. On November 26, 2014, Defendant filed a Motion for Reduction of Sentence [Dkt. #151].

Defendant moves for a sentence reduction under 18 U.S.C. § 3582(c)(2). That statute permits a court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a

1

reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant argues that the Court should take into account his post sentence rehabilitation and that in the interests of justice his sentence should be reduced.

The Court lacks authority to reduce Defendant's sentence because his sentence of 60 months was already reduced below the new applicable federal sentencing guideline range of 97 to 121 months that is available to Defendant under 18 U.S.C. § 3582(c)(2). Defendant's applicable federal sentencing guideline range was originally 121 to 151 months. The Court found that the guideline range was too high for Defendant's actions so the Court looked to the factors of 18 USC § 3553(a) to determine an appropriate sentence under that was "sufficient but not greater than necessary, to carry out the intent of Congress, the goals, the values of Congress" and sentenced Defendant to 60 months per *Kimbrough v. United States*, 552 U.S. 85 (2007).

Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the Court may not reduce a Defendant's sentence under 18 U.S.C. § 3582(c)(2) if the term of imprisonment is less than the minimum of the guideline range unless the reduction in sentence was due to substantial assistance to the authorities. U.S.S.G. 1B1.10(b)(2)(A). Given

that the sentence reduction applicable to Defendant was not due to substantial assistance, Defendant is ineligible for a reduction in his sentence.

The Court concludes that Defendant is ineligible for a sentence reduction because his sentence was already lowered below the federal guidelines minimum for a reason other than a basis under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e). Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reduction of Sentence [151] is **DENIED**.

**SO ORDERED**.

Dated: December 30, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

3